UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-509-FDW
(3:01-cr-36-FDW-7)

| IAN ANDRE PERSAUD, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| vs. | ) | **ORDER** |
|  | ) |  |
| UNITED STATES OF AMERICA, | ) |  |
|  | ) |  |
| Respondent. | ) |  |
|  | ) |  |

**THIS MATTER** is before the Court on Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241.[1] (Doc. No. 1).

**I.    BACKGROUND**

Petitioner was indicted in the underlying criminal case with conspiracy to possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of cocaine and five kilograms or more a mixture and substance containing a detectable amount of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 846. The Government filed a Notice of Intention to Seek Enhanced Penalties pursuant to 21 U.S.C. §§ 841 and 851 based on Petitioner's prior convictions for: North Carolina possession with intent to sell and deliver marijuana on May 14, 1997; North Carolina manufacturing marijuana on May 14, 1997; North Carolina maintaining a dwelling for the keeping of drugs on May 14, 1997; North Carolina possession of heroin on May 14, 1997; and New Jersey possession of CDS, distribution of marijuana/hashish, and

---

[1] The Petitioner originally sought relief pursuant to 28 U.S.C. §§ 2255, 2241, and 1651 but only the § 2241 petition is presently before the Court. See (Doc. No. 13).

1

manufacture/distribution of CDS on March 24, 1995. (3:01-cr-36 Doc. No. 18).

A jury found Petitioner guilty and made specific findings that Petitioner was responsible for 50 grams or more of a mixture or substance containing a detectable amount of cocaine base and five kilograms or more of a mixture or substance containing a detectable amount of cocaine. (3:01-cr-36 Doc. No. 202).

The Presentence Investigation Report ("PSR") scored the base offense level as 38 pursuant to U.S. Sentencing Guidelines Section 2D1.1. (3:01-cr-36, Doc. No. 290 at ¶ 31). Two levels were added because a dangerous weapon was possessed during the offense. (3:01-cr-36, Doc. No. 290 at ¶ 32). Therefore, the adjusted offense level is 40. (3:01-cr-36, Doc. No. 290 at ¶ 36). Petitioner also qualifies as a career offender pursuant to Guidelines Section 4B1.1, however, the unenhanced offense level of 40 is higher than the career offender offense level of 37 so the total offense level is 40. (3:01-cr-36, Doc. No. 290 at ¶ 39). The PSR's criminal history section scored two criminal history points and a criminal history category of IV. However, a career offender's criminal history category is VI. (3:01-cr-36, Doc. No. 290 at ¶ 47, 48). The resulting guideline range was 360 months to life imprisonment but, because the statutory term of imprisonment is life, the guideline term becomes life, and the statutory term of supervised release was 10 years. (3:01-cr-36, Doc. No. 290 at ¶¶ 67-68, 70-71).

The Court adjudicated Petitioner guilty and sentenced him to life imprisonment and 10 years of supervised release. (3:01-cr-36, Doc. No. 229). The Fourth Circuit Court of Appeals affirmed, United States v. Persaud, 87 Fed. Appx. 869 (4th Cir. 2004), and the United States Supreme Court denied certiorari, Persaud v. United States, 542 U.S. 914 (2004).

Petitioner filed a § 2255 Motion to Vacate in 2005, case number 3:05-cv-217, which was denied and dismissed. Persaud v. United States, 2006 WL 2229003 (W.D.N.C. Aug. 3, 2006). The

Fourth Circuit dismissed Petitioner's appeal, United States v. Persaud, 215 Fed. Appx. 243 (4th Cir. 2007), and the Supreme Court denied certiorari, Persaud v. United States, 551 U.S. 1122 (2007).

In 2012, Petitioner filed an application for authorization to file a second or successive § 2255 petition that the Fourth Circuit denied, case number 12-281. Petitioner nevertheless filed the instant Petition through counsel on August 15, 2012, arguing that the mandatory life sentence based on the finding that he had two prior convictions for "felony drug offenses" is contrary to United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (*en banc*). (Doc. No. 1). The Court dismissed the Petition as an unauthorized second or successive § 2255 Motion to Vacate. Persaud v. United States, 2012 WL 5902557 (W.D.N.C. Nov. 26, 2012). The Fourth Circuit dismissed in part and affirmed in part in an unpublished opinion. United States v. Persaud, 517 Fed. Appx. 137 (4th Cir. 2013). However, on certiorari review, the Government file a brief in support of Petitioner's argument that the savings clause permits Petitioner to challenge his sentence under § 2241. The Supreme Court vacated the Fourth Circuit's judgment and remanded for further consideration in light of the Government's position on certiorari. Persaud v. United States, 571 U.S. 1172 (2014). The parties then filed a joint motion to remand for further consideration in the district court, which was granted. See (Doc. No. 13).

On remand, this Court stayed the case pursuant to United States v. Wheeler, which is now final, 734 Fed. Appx. 892 (4th Cir. 2018), *cert. denied* 139 S.Ct. 1318, and this case is ripe for disposition. See (Doc. No. 21). The Government now concedes that Petitioner is entitled to resentencing pursuant to Wheeler and Simmons.

**II. DISCUSSION**

The Government concedes that Petitioner's challenge to his sentence is cognizable under

§ 2241 pursuant to Wheeler, that Petitioner does not have the requisite prior felony convictions to support his enhanced § 851 sentence pursuant to Simmons, and that resentencing is required.

Section 2255 is inadequate and ineffective to test the legality of a sentence for purposes of the "savings clause" when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect. 28 U.S.C. § 2255(e); Wheeler, 886 F.3d at 429.

Petitioner previously filed a § 2255 Motion to Vacate that was denied on the merits, and the Fourth Circuit denied authorization to file a second or successive petition pursuant to § 2255(h). Petitioner is alleging that he is entitled to relief under a retroactive change in the law and that Section 2255 is inadequate or ineffective to address the alleged fundamental sentencing error that resulted in a minimum mandatory sentence that exceeds the statutory requirement. Section 2255(e)'s savings clause therefore applies and the Court will consider Petitioner's sentencing claim pursuant to § 2241. [2] See Wheeler, 886 F.3d 415.

At the time of Petitioner's criminal case, the relevant statute required a mandatory life sentence for certain offenders who had two or more prior convictions for a "felony drug offense."

---

[2] The Court concludes that it has venue over this § 2241 petition. Although Petitioner is presently incarcerated at the Federal Correctional Institution in Otisville, New York, the Government has failed to object to venue and the Court therefore deems the issue to be waived. See Rumsfeld v. Padilla, 542 U.S. 426, 442-43, 434 n.7 (2004) ("jurisdiction" in the context of § 2241(a) traditionally lies in the district of confinement, but is distinct from subject-matter jurisdiction); Kanai v. McHugh, 638 F.3d 251, 258 (4th Cir. 2011) (§ 2241(a) refers to either venue or personal jurisdiction, both of which are subject to waiver).

21 U.S.C. § 841(b)(1)(A) (2000). A "felony drug offense" is an offense that is "punishable by imprisonment for more than one year…" 21 U.S.C. § 802(44). The Fourth circuit held in Simmons that an offense is punishable by imprisonment by more than one year in prison only if the *particular defendant* could have received a sentence of more than one year. 649 F.3d at 247. This overruled precedent that held that an offense is punishable by more than a year in prison if *any defendant* could have received a sentence of more than a year for that offense. See United States v. Jones, 195 F.3d 205 (4th Cir. 1999); United States v. Harp, 406 F.3d 242 (4th Cir. 2005).

The § 851 Notice in Petitioner's case listed one New Jersey drug trafficking offense and four North Carolina convictions for Class I felonies: possession with intent to sell and deliver marijuana (N.C. Gen. Stat §§ 90-95(a)(1), (b)(2), 90-94(1) (Schedule VI)); manufacturing marijuana (Id.); maintaining a dwelling for the keeping of drugs (N.C. Gen. Stat. §§ 90-108(a)(7), (b)); and felony possession of heroin (N.C. Gen. Stat. §§ 90-95(a)(3), (d)(1), 90-89(2)(j) (Schedule I)). Based on Petitioner's prior record level of I, the highest sentence he could have received for the North Carolina convictions was eight months in prison and, under Simmons, they are not felony drug offenses for purposes of the § 841 enhancement. See (Doc. Nos. 1-1, 1-2); N.C. Gen. Stat § 15A-1340.17.

Petitioner does not challenge the validity of his New Jersey conviction as a predicate felony drug offense. See (Doc. No. 1 at 7). Therefore, he has one prior conviction for a felony drug offense which exposes him to a statutory minimum mandatory sentence of 20 years' imprisonment and a maximum of life.[3] 21 U.S.C. § 841(b)(1)(A) (2000).

Petitioner did not have two or more prior convictions for felony drug offenses to support

---

[3] The Court does not accept the portion of the Government's concession that suggests Petitioner's minimum mandatory term of imprisonment is 10 years. (Doc. No. 26 at 5).

the § 841 enhancement and therefore did not qualify for the minimum mandatory life sentence he received. Petitioner's life sentence will be vacated and he will be resentenced at the Court's earliest convenience.

### III. CONCLUSION

For the foregoing reasons, Petitioner's § 2241 Petition is granted, his sentence will be vacated, and he will be resentenced in accordance with this Order.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's § 2241 Petition for Writ of Habeas Corpus, (Doc. No. 1), is **GRANTED**.
2. Petitioner's life sentence is **VACATED**.
3. Petitioner shall be resentenced in accordance with this Order.
4. The Clerk of Court is directed to certify copies of this Order to the Petitioner, counsel for the Petitioner, the United States Attorney, the United States Marshals Service, and the United States Probation Office.

Signed: June 4, 2019

_____
Frank D. Whitney
Chief United States District Judge